**Curt H. Feig, OSBA #911360**
cfeig@nicollblack.com
**Noah S. Jaffe, WSBA #43454**
(*pro hac vice* application pending)
njaffe@nicollblack.com
NICOLL BLACK & FEIG, PLLC
1325 Fourth Ave., Suite 1650
Seattle, WA 98101
Phone: (206) 838-7555
Fax: (206) 838-7515

Attorneys for Plaintiff
Certain Underwriters at Lloyds

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CERTAIN UNDERWRITERS at LLOYDS, LONDON, Subscribing to Policy Number PGIARK05168-00,<br><br>Plaintiffs,<br><br>vs.<br><br>ECI HOLDINGS, LLC, a foreign corporation, dba EXAM COORDINATORS NETWORK; EXPERT MEDICAL REVIEWS LLC dba EXAM COORDINATORS NETWORK; FARMERS INSURANCE COMPANY OF OREGON, an Oregon Corporation; VICTOR MAGDALENO CARMONA-GONZALEZ,<br><br>Defendants. | Case No. _____<br><br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**28 U.S.C. § 1332 (Diversity) and 28 U.S.C. § 2201 (Declaratory Judgment)**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs, Certain Underwriters at Lloyds, London, subscribing to Policy Number PGIARK05168-01 (the "Policy") (collectively, "Underwriters"), allege upon information and belief as follows:

COMPLAINT FOR DECLARATORY JUDGMENT - 1

## PARTIES

1.     Underwriters are the two "Names" for and on behalf of two different Lloyd's Syndicates, as follows:

      a.  Ark Corporate Member Limited (Syndicate 4020) is incorporated under the laws of England and Wales, and its principal place of business is London, England; and

      b.  Renaissance Re Corporate Capital Limited (Syndicate 1458) is incorporated under the laws of England and Wales, and its principal place of business is London, England; and

2.     The Schedule of Participating Underwriters for the Policy includes Syndicate No. 4020 with the Pseudonym of ARK, Syndicate No. 1458 with the Pseudonym of RNR, Syndicate No. 1084 with the Pseudonym of CSL, and Amlin PLC, Syndicate No. 2001 with the Pseudonym AML.

3.     Syndicate 1084's capital is solely provided by Chaucer Corporate Capital (No. 3) Limited, a UK company based in London.  It is a subsidiary of The Hanover Insurance Group, headquartered in Massachusetts, USA.

4.     Syndicate 2001, Amlin PLC, is a wholly owned subsidiary of Mitsui Sumitomo Insurance Company, which is incorporated under the laws of Japan with its principal place of business in Tokyo, Japan.

5.     ECI Holdings, LLC., dba Exam Coordinators Network ("ECN") at all material times was an Illinois corporation duly organized under the laws of Illinois and permitted to do business in Oregon, with a principal place of business in the city of Boca Raton, Florida, and a registered agent in the county of Washington, state of Oregon.

6.     Expert Medical Reviews LLC, dba Exam Coordinators Network ("EMR") at all material times was a Florida corporation duly organized under the laws of Florida, with a principal place of business in the city of Boca Raton, Florida, and a registered agent in the county of Palm Beach, state of Florida.

COMPLAINT FOR DECLARATORY JUDGMENT - 2

7.      Farmers Insurance Company of Oregon ("Farmers") is incorporated in California and engaged in the business of insurance in Oregon, with a principal place of business in the city of Hillsboro, Oregon.

8.      Victor Magdaleno Carmona-Gonzalez, upon information and belief, was at all times material hereto, a citizen and resident of Oregon.

## JURISDICTION AND VENUE

9.      Underwriters incorporate by reference the allegations contained in paragraphs 1 through 8 as though fully set forth herein.

10.      The amount in controversy exceeds, exclusive of interest and costs, the sum specified in 28 U.S.C. § 1332.

11.      This court has jurisdiction under 28 U.S.C. § 1332 (Diversity) and 28 U.S.C. § 2201 (Declaratory Judgment).

12.      Venue is proper in this Court pursuant to 28. U.S.C. § 1391(b)(2) because jurisdiction is founded on both diversity and the declaratory judgment act, rather than diversity alone, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

13.      Exam Coordinators Network, Inc. and Farmers have been named, among others, as defendants in an underlying lawsuit styled *Victor Magdaleno Carmona-Gonzalez v. Nick Anderson, et. al.*, filed in the Circuit Court of the State of Oregon for the County of Multnomah (Case No. 16CV18999).   The defendant / underlying plaintiff, Carmona-Gonzalez's various claims for relief and alleged harms are more fully set forth in that complaint, attached hereto as Exhibit 1.

14.      In that lawsuit, Carmona-Gonzalez claims that he initially sustained injury as a result of a June 16, 2014 automobile accident.   He also claims he sustained additional injury during a subsequent independent medical examination ("IME") that was conducted by Dr. Ronald L. Teed, M.D., on May 16, 2015.   The underlying complaint alleges that the IME was

COMPLAINT FOR DECLARATORY JUDGMENT - 3

required by Farmers as part of Carmona-Gonzalez's underlying personal injury protection ("PIP") claim, and that Dr. Teed was an employee of Exam Coordinators Network, Inc. at the time of the IME, making Farmers and Exam Coordinators Network, Inc. vicariously liable for Dr. Teed's acts and omissions.

15.     Underwriters issued a Miscellaneous Professional Liability Insurance Policy to the named insured, ECN/EMR.  That Policy, Number PGIARK05168-01 (the "Policy"), was issued for the period of July 14, 2016 to July 14, 2017, with a retroactive date of July 14, 2009. The terms and conditions of the Policy are set forth in their entirety, attached hereto as Exhibit 2 with certain proprietary commercial and personal information redacted.

16.     ECN/EMR tendered defense and indemnity of the underlying suit to Underwriters under the Policy.

17.     Underwriters agreed to defend ECN/EMR, subject to a full and complete reservation of rights to deny coverage, including any duty to defend or pay/indemnify, based on several grounds as fully set forth in a letter to ECN/EMR dated September 26, 2016, and attached hereto as Exhibit 3.  That letter is incorporated herein by reference, and includes but is not limited to the following:

17.1    The Policy expressly excludes coverage for damage or claim expenses "arising out of or based upon Bodily Injury, Property Damage or Personal Injury";

17.2    The injuries and symptoms alleged in the underlying complaint comport with the Policy's definition of "Bodily Injury," so the claims in the underlying lawsuit fall within the Policy's Bodily Injury exclusion and there is no coverage;

17.3    There is no coverage for any person or entity that is not an "insured" under the Policy;

17.4    There is no indication Dr. Teed was an employee, executive officer, director, member, management committee member or stockholder of ECN/EMR, and thus he did not meet the definition of "Insured" that would make his alleged wrongful acts fall within coverage under the Policy.

COMPLAINT FOR DECLARATORY JUDGMENT - 4

18.     The Policy contains a contractual liability exclusion (Exclusion 14), which provides that Underwriters shall not be liable for claims arising out of "or based upon liability assumed by any Insured under any contract or agreement, either oral or in writing, unless such liability would have attached to the Insured even in the absence of such contract or agreement."

19.     Prior to the IME at issue in the underlying lawsuit, Farmers and ECN entered into a "Master Services Agreement" on March 20, 2015, with an agreed term until March 31, 2018. That agreement provides, in part:

> Vendor [ECN] hereby agrees to forever defend, indemnify, and hold harmless at its own expense Exchange and Exchange Affiliates [Farmers]… from and against any and all claims, debts, losses, liabilities, demands, obligations, costs, expenses, fines, penalties, actions and causes of action, judgment, judgment for damages, alleged claims or litigation arising out of, resulting from or in connection with the Services rendered or products provided by Vendor under this Agreement (including any claim, judgment or determination resulting from the action of any person or entity associated with Vendor, including but not limited to those who Vendor has third party agreements with)…

20.     Pursuant to that agreement, Farmers tendered a claim for defense and indemnification to Exam Coordinators Network, Inc., in a letter dated September 7, 2016.  A copy of Farmers' letter is attached hereto as Exhibit 4.

## CLAIM FOR DECLARATORY JUDGMENT

21.     Underwriters incorporate by reference the allegations contained in paragraphs 1 through 18 as though fully set forth herein.

22.     A dispute has arisen between Underwriters and ECN/EMR concerning whether the Policy affords coverage, in whole or in part, for the claims asserted against Exam Coordinators Network, Inc. in the underlying lawsuit.

23.     Based on the foregoing, Underwriters allege they are entitled to a declaration under 28 U.S.C. § 2201 that the Policy does not afford coverage for ECN/EMR for the claims asserted against Exam Coordinators Network, Inc.  in the underlying lawsuit.

24.     A dispute has arisen between Underwriters and ECN/EMR concerning whether the Policy affords coverage, in whole or in part, for the claims for defense and indemnity tendered by Farmers to Exam Coordinators Network, Inc. arising from the underlying lawsuit

against Exam Coordinators Network, Inc. and/or the Master Services Agreement between ECI Holdings, LLC and Farmers.

25.    Based on the foregoing, Underwriters allege they are entitled to a declaration under 28 U.S.C. § 2201 that the Policies do not afford coverage for the claims asserted against ECN/EMR arising from Farmers' tender of defense and indemnity.

### PRAYER FOR RELIEF

Wherefore, Underwriters pray that the Court enter judgment declaring as follows:

26.    That there is no coverage under Underwriters' Policy No. PGIARK05168-01 for the claims asserted against Exam Coordinators Network, Inc. by Carmona-Gonzalez in the underlying lawsuit, and consequently that there is no duty to defend ECN/EMR and no duty to pay/indemnify ECN/EMR for any judgment or settlement arising out of the underlying lawsuit;

27.    That there is no coverage under Underwriters' Policy No. PGIARK05168-01 for claims asserted against Exam Coordinators Network, Inc. by Farmers arising from the underlying lawsuit and from the Master Services Agreement between ECI Holdings, LLC and Farmers, and consequently that there is no duty to defend ECN/EMR and no duty to pay/indemnify ECN/EMR for any judgment or settlement related to Farmers' tendered claim;

28.    That Underwriters be awarded statutory fees and costs;

29.    That Underwriters be awarded such additional relief as is just and equitable.

DATED this 8th day of May, 2017.

NICOLL BLACK & FEIG PLLC


*/s/  Curt H. Feig*
Curt H. Feig, OSBA #911360
Noah S. Jaffe, WSBA # 43454
(*pro-hac vice* application pending)
Attorneys for Defendant
Certain Underwriters at Lloyds, London


COMPLAINT FOR DECLARATORY JUDGMENT - 6